UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN QUINTERO,<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br>ROMEO ARANAS, *et al.*,<br>　　　　　　　　　Defendants. | Case No. 3:17-cv-00066-MMD-CLB<br><br>ORDER |

This is a civil rights case involving Plaintiff John Quintero, who is in the custody of the Nevada Department of Corrections. Before the Court is Plaintiff's objection ("Objection") (ECF No. 73) to United States Magistrate Judge Carla L. Baldwin's minute orders denying Plaintiff's motion to compel (ECF No. 68 (denying ECF No. 45)) and motion to stay proceedings (ECF No. 70 (denying ECF No. 51)).[1] Defendants have not responded. For the following reasons, the Court overrules Plaintiff's Objection.

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LB IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order

---

[1]Plaintiff filed the same document as a motion for reconsideration (ECF No. 72), which the Court also denies.

is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

Judge Baldwin construed Plaintiff's motion for relief for discovery (ECF No. 45) as a motion to compel and correctly denied it because Plaintiff failed to meet and confer in good faith to resolve the discovery dispute prior to filing his motion. (ECF No. 68 (citing to Fed. R. Civ. P. 37(a)(1)).) Plaintiff objects that Defendants tried only one time to have a meet and confer when Plaintiff was sick. (ECF No. 73 at 2.) Nevertheless, Plaintiff was obligated to at least attempt to reschedule a meet and confer. Having not done so, Plaintiff has not met his Rule 37(a)(1) obligation and therefore the Court overrules his Objection.

On January 27, 2020, Plaintiff filed a motion to stay proceedings until discovery is completed (ECF No. 51), which Judge Baldwin denied because she found that Plaintiff had adequate time to complete discovery by the February 28, 2020 deadline (ECF No. 70). Plaintiff objects that Defendants failed to respond to certain discovery requests, it is unlikely that Defendants would do so by the discovery deadline, and Defendants Aranas still has not been served and not discovery has been completed for him at all. (ECF No. 73 at 1-2.) The Court agrees with Judge Baldwin that, at the time Plaintiff filed his motion to stay, Plaintiff had adequate time to complete discovery. Furthermore, Plaintiff has not demonstrated that Judge Baldwin's order was clearly erroneous or contrary to law. As such, the Court will overrule Plaintiff's Objection.

///

///

///

It is therefore ordered that Plaintiff's objection (ECF No. 73) is overruled. Plaintiff's motion for reconsideration (ECF No. 72) is denied for the same reason.

DATED THIS 26th day of Mach 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE