UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHN QUINTERO,

                Plaintiffs,

v.

ROMEO ARANAS, *et al.*,

                Defendants.

Case No. 3:17-cv-00066-MMD-CLB

ORDER

**I.  SUMMARY**

Plaintiff John Quintero asserts claims under 42 U.S.C. § 1983 for events that took place while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). Before the Court is Plaintiff's objection (ECF No. 122) to United States Magistrate Judge Carla L. Baldwin's minute order denying Plaintiff's motion for substitution of officers (the "Motion") (ECF No. 119 (denying ECF No. 59)). For the reasons explained below, the Court sustains Plaintiff's objection and will grant in part and deny in part the Motion.[1]

**II.  DISCUSSION**

Plaintiff's Motion asked to substitute defendants who have been officially replaced in their positions under Federal Rule of Civil Procedure 25(d). (ECF No. 59.) Under that rule, "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d).

Specifically, Plaintiff sought to substitute Defendant E.K. McDaniels with Harold Wickham and Defendant James Dzurenda with Charles Daniels. (ECF No. 59 at 1-2.) Defendants do not oppose his request because McDaniels and Dzurenda were sued in

---

[1] The Court has also reviewed Defendants' response (ECF No. 126).

their official capacities only. (ECF No. 85 at 2; *see also* ECF No. 7 at 3-4.) The Court finds that substitution is proper under Rule 25(d) and will sustain Plaintiff's objection.

Plaintiff further sought to substitute Defendant Romeo Aranas with Michael Medev and Defendant Brian Ward with Lisa Walsh. (ECF No. 59 at 1-2.) Defendants opposed the substitution of Aranas and Ward in their individual capacities. (ECF No. 85 at 2.) As to Aranas, Plaintiff agreed to seek substitution of Aranas in only his official capacity. (ECF No. 91 at 2.) As to Ward, Plaintiff claims Defendants' argument is "moot because [Ward] is NOT a defendant."[2] (*Id.*) The Court finds that substitution is proper with respect to Aranas because he was sued in both his individual and official capacities.[3] (ECF No. 7 at 3, 5.)

### III. CONCLUSION

It is therefore ordered that Plaintiff's objection (ECF No. 122) is sustained.

It is further ordered that Plaintiff's motion for substitution of officers (ECF No. 59) is granted in part and denied in part, as discussed herein. The Clerk of the Court will substitute Defendant E.K. McDaniels with Harold Wickham, Defendant James Dzurenda with Charles Daniels, and Defendant Romeo Aranas in his official capacity with Michael Medev. Defendant Aranas will remain in this case in only his individual capacity.

DATED THIS 1st day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Contrary to Plaintiff's assertion, Ward remains a party in this action. However, the Court will construe Plaintiff's assertion as an abandonment of his Motion as to Ward.

[3] Plaintiff also sought to substitute Defendant Pauline Simmons with Jennifer Dunbar (ECF No. 59 at 2), which Defendants opposed because Simmons was sued in her individual capacity only and therefore did not trigger Rule 25(d) (ECF No. 85 at 2). Plaintiff conceded in his reply. (ECF No. 91 at 2 *see also* ECF No. 7 at 4.)