**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOHN QUINTERO,

          Plaintiff,

v.

ROMEO ARANAS,

          Defendant.

Case No. 3:17-CV-0066-MMD-CLB

**ORDER GRANTING MOTION FOR PERMISSIVE JOINDER**

[ECF No. 223]

    Before the Court is Plaintiff John Quintero's ("Quintero") motion for permissive joinder of Harold Wickham ("Wickham") to Counts V and VI. (ECF No. 223.) Defendants responded to the motion, (ECF No. 228), and Quintero replied. (ECF No. 233.)

    Fed. R. Civ. P. 20(a)(2) allows persons to "be joined in one action as Defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of actions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 is to be construed liberally to promote trial convenience and expedite the final determination of disputes. *League to Save Lake Tahoe v. Tahoe Regional Planning* Agency, 558 F.2d 914 (9th Cir. 1977).

    At the status hearing on September 28, 2021, the Court and the parties discussed the remaining claims V and VI. (ECF No. 219.) The Court advised Quintero that the only named Defendant in Claim V was Defendant Snyder who had died. (*Id.*) Quintero was further advised that if a proper party was not substituted for Snyder, Claim V would necessarily have to be dismissed. (*Id.*)

    By the current motion, Quintero seeks to join Wickham to Count V because he was a member of the Religious Review Team ("RRT"). The Court's screening order allowed the portion of Count V alleging a Fourteenth Amendment equal protection claim to

proceed against Defendant Snyder and against "the Doe members" of the RRT when Plaintiff learned their identities. (ECF No. 9.) Defendants concede that Wickham "would likely be a proper Defendant" as a current or former member of the RRT. (ECF No. 228.) Although a motion for permissive joinder under Rule 20 may not the correct procedural motion to name Wickham as a Doe Defendant, for the purposes of judicial economy, the Court will allow Wickham to be joined to the remaining portion of Count V.

Quintero also seeks to add Wickham to Count VI which was allowed to proceed to the extent it seeks punitive damages for an Eighth Amendment violation for deliberate indifference to unsafe conditions relating to the guard to inmate ratio. (ECF No. 9.) Quintero claims that he learned in discovery "that Wickham was involved in the final agency decision to reduce the staff inmate ratios in Units 10A and 10B . . . ." (ECF No. 223 at 2-3.) Defendant argues in opposition that Quintero should be required to file a motion to amend to support this position and the Court should screen any proposed amended complaint. (ECF No. 228.) Again, for the purposes of judicial economy and to prevent further delay of this case that was filed in 2017, the Court will allow Wickham to be joined to the remaining portion of Count VI.

Therefore, Quintero's motion for permissive joinder is hereby **GRANTED.** (ECF No. 223)

**IT IS SO ORDERED.**

**DATED**: December 10, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**