UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN QUINTERO,<br><br>                            Plaintiff,<br><br>v.<br><br>ROMEO ARANAS, *et. al.,*<br><br>                           Defendants. | Case No. 3:17-cv-00066-MMD-CLB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, DENYING MOTION FOR ADDITIONAL DISCOVERY, AND GRANTING MOTION TO ADD EXHIBITS**<br><br>[ECF Nos. 240, 241, 244] |

Before the Court is Plaintiff John Quintero's ("Quintero") motion for leave to file third amended complaint, (ECF No. 240). Defendants Isidro Baca, Harold Wickham, Chaplain Calderin, and Chaplain Burse (collectively referred to as "Defendants"), filed a response, (ECF No. 242), and Quintero replied (ECF No. 242). Also before the Court is Quintero's motion for additional discovery. (ECF No. 241). Defendants opposed the motion, (ECF No. 245), and Quintero replied. (ECF No. 246). Finally, Quintero filed a motion to add exhibits, (ECF No. 244), no opposition was filed. For the reasons discussed below, the motion for leave to file an amended complaint, (ECF No. 240) and to add exhibits (ECF No. 244) are granted, and the motion for additional discovery (ECF No. 241) is denied.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Quintero is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On February 1, 2017, Quintero filed a civil rights complaint under 42 U.S.C. § 1983 for events that occurred while Quintero was incarcerated at the Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1.) On June 15, 2017, Quintero filed a first amended complaint, (ECF No. 3), which the District Court screened pursuant to 28 U.S.C. § 1915A, on March 27, 2018. (ECF No. 6.) The screening order allowed Quintero to proceed on certain claims and gave him to leave to amend as to other claims. (*Id.*) Quintero filed his second amended complaint on April 26, 2018, (ECF No. 7), which the District Court screened on February 26, 2019. (ECF No. 9).

The District Court allowed Quintero to proceed as follows: (1) portion of Count I alleging an Eighth Amendment claim against Noll; (2) Count II, alleging a First Amendment claim against McDaniels; (3) portion of Count III alleging a First Amendment claim against Ward; (4) portion of Count IV alleging a First Amendment claim against Simmons and John Doe Mailroom Officer; (5) portion of Count V alleging a Fourteenth Amendment equal protection claim against Snyder and Doe members of the Religious Review Team ("RRT"); (6) Count VI will proceed against Baca to the extent it seeks punitive damages for an Eighth Amendment violation, but not to the extent it seeks damages for emotional or psychological harm; (7) portion of Count VII alleging a First Amendment claim against Dzurenda; (8) Count VIII, alleging an Eighth Amendment claim against Aranas; and (9) Count X, alleging an Eighth Amendment claim against Dzurenda. (*Id.* at 22-23.) The following claims were dismissed, with prejudice: (1) portions of Count I alleging Eighth Amendment claims against "the warden" and Keats and Aranas; (2) portions of Count I alleging Fourteenth Amendment due process and equal protection claims and ADA claims; (3) portion of Count III alleging a Commerce Clause claim; (4) portions of Count IV alleging First Amendment claims against Fajota, Berryman, Dzurenda, and Baca; (5) portions of Count V alleging RLUIPA and First Amendment free exercise of religion claims; (6) portions of Count VII alleging Commerce Clause, Eighth Amendment, and Fourteenth Amendment claims; and (7) Count IX. (*Id.*)

On October 21, 2019, a scheduling order was entered in this case, with a discovery cutoff date of January 20, 2020. (ECF No. 30 at 2.) Discovery has been extended multiple times throughout the litigation, with the latest deadline set for February 11, 2022. (*See* ECF Nos. 43, 106, 142, 183, 219, 238.)

On December 30, 2020, the parties participated in a settlement conference, and ultimately the parties settled all but two claims – Counts V and VI. (ECF No. 197, 212, 221.) Claim V asserts a Fourteenth Amendment equal protection claim based on allegations that other religions have been accommodated by the RRT with respect to their requests for outdoor prayer space, but Quintero, who is Catholic, was not. (ECF No. 7 at

15.) Claim VI asserts an Eighth Amendment deliberate indifference to unsafe conditions claim relating to an allegedly unsafe guard to inmate ratio in Quintero's housing unit. (*Id.* at 16-17.)

On December 10, 2021, the Court granted a motion for permissive joinder to join Harold Wickham to Counts V and VI. (ECF No. 236.) The same day, the Court also granted a motion to substitute Chaplains Calderin and Burse—in their official capacities—for deceased Chaplain Snyder. (ECF No. 237.)

Quintero has now filed a motion to file a third amended complaint, motion to add exhibits to the proposed third amended complaint, and a motion for leave to request additional discovery from Defendant Wickham. (ECF Nos. 240, 244, 241, respectively.)

## II.   MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND ADD EXHIBIT

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *See id.* at 1052. The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives greatest weight. *See id.* Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Alone, such alteration is not fatal. *Id*. In contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir.

2003). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

### A. Discussion

Quintero moves to amend his complaint to "clean up" the pleading and add Defendants to replace those who can no longer provide injunctive relief. (ECF No. 240 at 2.) Quintero also filed a motion to add exhibits to his third amended complaint, (ECF No. 244). Defendants do not oppose the motion to amend, as it "appears that the 2 remaining claims are similar enough to the claims in [the] prior complaints." (ECF No. 242.) Further, Defendants state no additional discovery should be necessary. (*Id.*) Defendants did not respond to the motion to add exhibits.

Having reviewed Quintero's proposed amended pleading and the motion to add exhibits, the Court finds that the motion for leave to file an amended complaint (ECF No. 240) should be granted, in its entirety, as it is not made in bad faith, would not cause undue delay to the litigation, is not prejudicial to defendants, and is the first amended pleading requested post-screening. *See Eminence Capital, LLC*, 316 F.3d at 1052. The Court also finds that the motion to add exhibits, (ECF No. 244), should be granted, as Defendants do not oppose the motion. *See* LR 7-2(d) (failure of opposing party to file points and authorities in response to motion constitutes a consent to granting of the motion).

### III. MOTION FOR ADDITIONAL DISCOVERY

Quintero has also filed a motion for leave to request additional discovery against Defendant Wickham. (ECF No. 241.) Quintero argues that he should be permitted to request additional discovery from newly added Defendant Wickham and he further addresses speculative concern that he may not get the discovery he has requested from Defendants. (*See id.* at 3.) Defendants oppose the motion, stating that Quintero has already served 25 requests for interrogatories on Defendant Wickham and he is not entitled to any additional interrogatories. (ECF No. 245 at 2.) Additionally, defense counsel

states that following the filing of the motion, he initiated a meet and confer conference and agreed to provide Quintero with one of the requested documents. (*Id.*)

Fed. R. Civ. P. 33 states that a party may serve no more than 25 written interrogatories, unless otherwise stipulated or ordered by the Court. When looking at whether to alter the limits of discovery, the Court looks, in part, to the relevancy and proportionality of the requests. *See* Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 26(b)(2)(C) further limits discovery and allows the Court to restrict discovery where it is "outside the scope of Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(3). In deciding whether to restrict discovery under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Caballero v. Bodega Latina Corp.*, No. 2:17-cv-00236-JAD-VCF, 2017 WL 3174931, at *3 (D. Nev. July 25, 2017) (internal citations and quotations omitted).

As detailed above, discovery has been extended numerous times throughout the litigation. (*See* ECF Nos. 43, 106, 142, 183, 219, 238.) Defendants represent they have produced over 3,900 pages of documents in response to Quintero's requests for production of documents, alone, and have provided over two hundred pages of substantive responses to interrogatories and requests for admissions. (ECF No. 245 at 1-2.) Additionally, Defendant Wickham has already responded to 25 interrogatories—the limit under Fed. R. Civ. P. 33. (*See* ECF Nos. 245-3, 245-4.) Further, Wickham was substituted for previous defendants in his official capacity, only. Thus, it is unclear what additional information he could <u>personally</u> provide that has not already been provided through prior discovery. In sum, the additional discovery sought by Quintero appears to be cumulative of other discovery already obtained in this case and it would be disproportionate to the overall needs of this case. For all these reasons, the motion for leave to request additional discovery, (ECF No. 241), is denied.

///

## IV. CONCLUSION

Based upon the foregoing, **IT IS ORDERED** that Quintero's motion for leave to file a third amended complaint, (ECF No. 240), is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court **FILE** the third amended complaint, (ECF No. 240-1), which is the operative complaint in this case;

**IT IS FURTHER ORDERED** that the complaint will **PROCEED** on the Count V equal protection claim against Defendants Wickham, Calderon, and Burse, and on the Count VI deliberate indifference claim against Defendants Baca, Wickham, and Perry Russell;

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file notice advising the Court and Quintero of whether it can or cannot accept service on behalf of Defendant Perry Russell. If the Attorney General's Office cannot accept service on behalf of Perry Russell, the Office shall file, under seal, but shall not serve on Quintero, the last known address of Perry Russell, if it has such information. If the last known address of Perry Russell is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address. If service cannot be accepted for Perry Russell, Quintero shall file a motion requesting issuance of a summons, specifying a full name and address for Perry Russell. If the Attorney General has not provided last-known-address information, Quintero shall provide the full name and address for Perry Russell;

**IT IS FURTHER ORDERED** that Defendants shall file and serve an answer or other response to the third amended complaint within sixty (60) days from the date of this order;

**IT IS FURTHER ORDERED** that the motion for additional discovery, (ECF No. 241), is **DENIED**;

**IT IS FURTHER ORDERED** that the motion to add exhibits, (ECF No. 244), is **GRANTED**.

DATED: February 10, 2022.

**UNITED STATES MAGISTRATE JUDGE**

6