UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN QUINTERO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ROMEO ARANAS, *et. al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:17-cv-00066-MMD-CLB<br><br>**ORDER GRANTING MOTION<br>FOR PERMISSIVE JOINDER OR<br>ALTERNATIVELY SUBSTITUTION**<br><br>[ECF No. 250] |

　　　　Before the Court is Plaintiff John Quintero's ("Quintero") motion for permissive joinder or alternatively substitution of Warden Olsen to Count VI of his complaint. (ECF No. 250.) Defendants did not oppose or otherwise respond to the motion.

　　　　On February 10, 2022, this Court granted Quintero's motion for leave to file a third amended complaint. (ECF No. 247.) The third amended complaint, which is the operative complaint in this case, consisted of two claims for relief: (1) an equal protection claim against Defendants Wickham, Calderon, and Burse; and (2) a deliberate indifference claim against Defendants Baca, Wickham, and Perry Russell. (*See* ECF Nos. 248, 247.) Specifically, Russell was added as a defendant to the third amended complaint as he replaced Baca as Warden of the Northern Nevada Correctional Center ("NNCC") and had the ability to implement the requested injunctive relief. However, after the Court granted the motion for leave to file a third amended complaint, Defendant Russell left NNCC and was replaced by another warden, Olsen. In his motion, Quintero now seeks to join or alternatively substitute Warden Olsen for former Warden Russell. (ECF No. 250.)

　　　　Fed. R. Civ. P. 20(a)(2) allows persons to "be joined in one action as Defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of actions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 25(c) states, "[i]f an interest is transferred, the action may be

continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

For the purposes of judicial economy and to prevent further delay of this case that was filed in 2017, the Court finds substitution under Fed. R. Civ. P. 25(c) to be the proper avenue for which to proceed and will therefore allow Olsen to be substituted for Defendant Russell as to Count VI. Additionally, the Court finds that the motion should be granted based on Defendants' failure to oppose the motion. *See* LR 7-2(d) (failure of opposing party to file points and authorities in response to motion constitutes a consent to granting of the motion).

Accordingly, **IT IS HEREBY ORDERED** that Quintero's motion for permissive joinder or alternatively substitution is **GRANTED**. (ECF No. 250.)

**IT IS FURTHER ORDERED** that Defendant Olsen will be substituted for Defendant Russell as to Count VI of the Third Amended Complaint.

**IT IS FURTHER ORDERED** that within 21 days of the date of entry of this order, the Attorney General's Office shall file notice advising the Court and Quintero of whether it can or cannot accept service on behalf of Defendant Warden Olsen. If the Attorney General's Office cannot accept service on behalf of Warden Olsen, the Office shall file, under seal, but shall not serve on Quintero, the last known address of Warden Olsen, if it has such information. If the last known address of Warden Olsen is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address. If service cannot be accepted for Warden Olsen, Quintero shall file a motion requesting issuance of a summons, specifying a full name and address for Warden Olsen. If the Attorney General has not provided last-known-address information, Quintero shall provide the full name and address for Warden Olsen.

**IT IS SO ORDERED.**

**DATED**: March 17, 2022            .

_____
**UNITED STATES MAGISTRATE JUDGE**