UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN QUINTERO,<br><br>    Plaintiff,<br><br>v.<br><br>ROMEO ARANAS, *et al.*,<br><br>    Defendants. | Case No. 3:17-CV-00066-MMD-CLB<br><br>**ORDER DENYING MOTIONS FOR JOINDER OF CLAIMS**<br><br>[ECF Nos. 260, 262] |

Before the Court are two motions filed by Plaintiff John Quintero ("Quintero"), which seek to "join" Counts II and VI of Quintero's instant lawsuit to *Stickney v. List* 3:79-cv-00011 (ECF Nos. 260, 262). Defendants responded, (ECF No. 263), and Quintero replied, (ECF No. 267).

The *Stickney* case arose out of inadequate staffing at the Northern Nevada Correctional Center ("NNCC"). In 1979, Plaintiff Robert Stickney filed the action, arguing that various conditions at NNCC violated the Eighth Amendment. District Judge Reed certified the case as a class action in 1981 and entered judgment in 1982 after a bench trial, wherein Judge Reed found that violence at NNCC "exceed[ed] constitutional standards" and was due "essentially to understaffing," and ultimately ordered injunctive relief related to staffing ratios. *See Stickney v. List*, 3:79-CV-00011-RCJ, 2018 WL 1858220 at \*1 (D. Nev. Apr. 16, 2018). Quintero now seeks to "remove" Counts II and VI of his complaint in the present case to have the supervising judge of *Stickney v. List* determine the "legal question regarding constitutionality of NNCC's change in the practical withdrawal of the staffing ratios from units that are not specifically named in the suit because they were not yet built." (ECF No. 260.)

As an initial matter, the presiding judge in *Stickney*, has already determined that it cannot "re-litigate the underlying constitutional question" in that case. *Stickney v. List*, 3:79-CV-00011-RCJ, 2018 WL 1858220 at \*2 (D. Nev. Apr. 16, 2018). Additionally,

Quintero's request for "joinder" is not in line with what the Federal Rules of Civil Procedure allow. *See* Fed. R. Civ. P. 18, 19, 20, 21. Further, removing claims from the instant case to join them to a different case does not "secure the just, speedy, and inexpensive determination of [this] action and proceeding." Fed. R. Civ. P. 1. For these reasons, Quintero's motions, (ECF Nos. 260, 262) are **DENIED**.

**IT IS SO ORDERED.**

DATED: August 9, 2022.

_____
UNITED STATES MAGISTRATE JUDGE