UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN QUINTERO,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>ROMEO ARANAS, *et al.*,<br>　　　　　　　　Defendants. | Case No. 3:17-cv-00066-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff John Quintero, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action against Defendants[1] under 42 U.S.C. § 1983 (ECF No. 248 ("Complaint")).[2] Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 270), recommending that the Court grant in part Defendants' motion for summary judgment (ECF No. 258 ("Motion"))[3] as to the Eighth Amendment conditions of confinement claim (Count VI) and deny in part the Motion as to the Fourteenth Amendment equal protection claim (Count V). Plaintiff filed an objection to the R&R (ECF No. 271 ("Objection")),[4] while Defendants did not. Plaintiff also objected (ECF No. 269) to Judge Baldwin's order (ECF No. 268) denying his motions for joinder (ECF Nos. 260, 262).[5] Because the Court agrees with Judge Baldwin's analysis for the Motion and finds

---

[1]The remaining Defendants in this case include Isidro Baca, Perry Russell, Julio Calderin, Donald Burse, and Harold Wickham. (ECF No. 258.)

[2]The Court notes that the Third Amended Complaint is the operative complaint. (ECF Nos. 247, 248.)

[3]Plaintiff responded (ECF No. 261), and Defendants replied (ECF No. 264) to the Motion.

[4]Defendants responded to Plaintiff's Objection. (ECF No. 272.)

[5]Defendants responded to Plaintiff's motions for joinder. (ECF No. 263.)

that she did not clearly err in denying Plaintiff's motions for joinder, the Court will adopt Judge Baldwin's R&R and overrule Plaintiff's objections.

The Court incorporates by reference and adopts Judge Baldwin's description of the case's background and relevant facts. (ECF No. 270 at 1-4.) The Court will first address Plaintiff's Objection to the R&R and then address his objection to Judge Baldwin's denial of his motions for joinder.

To start, Plaintiff objects to Judge Baldwin's recommendation that Defendants' Motion should be granted as to Plaintiff's Eighth Amendment conditions of confinement claim (Count VI). (ECF No. 271 at 2.) *See* 28 U.S.C. § 636(b)(1) (Where a party timely objects to a magistrate judge's R&R, the Court is required to "make a de novo determination of those portions of the [R&R] to which objection is made"). Plaintiff argues that granting summary judgment violates fundamental fairness and undermines the spirit of *Stickney v. List*,[6] because the *Stickney* decision covered all new NDOC units, and the NDOC broke an implied contract by refusing to apply *Stickney* to all units. (*Id.*) The Court disagrees. First and most importantly, the *Stickney* opinion does not extend to Plaintiff's housing unit—the decision was clearly restricted to Units 1, 2, and 3 at the Northern Nevada Correctional Center ("NNCC"), and Plaintiff was housed in Unit 10A when he filed his Complaint. (ECF No. 248 at 10.) *See Stickney v. List*, Case No. 3:79-cv-00011-RCJ, 2018 WL 1858220, at *1 (D. Nev. Apr. 16, 2018). Second, Plaintiff failed to show that Defendants knew of and disregarded a risk to his safety and that he suffered injuries due to NNCC's alleged staffing problems. (ECF Nos. 248, 258-8, 258-12.) *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Parsons v. Ryan*, 754 F.3d 657, 677 (9th Cir. 2014). Accordingly, there is no genuine dispute that Defendants did not violate Plaintiff's Eighth Amendment rights based on conditions of confinement.

---

[6]*Stickney* is an unrelated District of Nevada case where United States District Judge Edward Reed found that "violence in Units 1, 2, and 3 at NNCC 'exceed[ed] constitutional standards' and was due 'essentially to understaffing'"; Judge Reed ordered a minimum number of correctional officers to be on duty at all times in those units. *See Stickney v. List*, Case No. 3:79-cv-00011-RCJ, 2018 WL 1858220, at *1 (D. Nev. Apr. 16, 2018).

Next, Plaintiff objects to Judge Baldwin's recommendation that Defendants' Motion should be denied as to Plaintiff's Fourteenth Amendment equal protection claim (Count V). (ECF No. 271 at 2-3.) Plaintiff argues that Defendants deliberately deprived him of photos of the outdoor religious accommodations at NNCC. (*Id*. at 2-6.) Plaintiff states that he would like to file his own motion for summary judgment when he receives these photos. (*Id*. at 3.) The Court overrules Plaintiff's objection because Judge Baldwin found against Defendants in the R&R on this claim and is recommending that the claim proceed to trial. (ECF No. 270 at 8.) Moreover, the deadline for Plaintiff to file a summary judgment motion has long passed and even if Defendants had produced the photos, Plaintiff fails to show that he would be entitled to summary judgment on this claim or that resolution of summary judgment hinges on the submission of these photos. (ECF Nos. 252, 271.) Accordingly, the Court will overrule Plaintiff's objection and adopt the R&R.

Finally, Plaintiff objects to Judge Baldwin's order denying his motions for joinder. (ECF Nos. 260, 262, 268, 269.) *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law"). In his motions, Plaintiff seeks to have United States District Judge Robert C. Jones, the current supervising judge in *Stickney*, preside over the claims in this case because of his familiarity with the *Stickney* case and because this case concerns "novel" constitutional questions. (ECF Nos. 260, 262.) Judge Baldwin correctly denied Plaintiff's motions because Judge Jones already found that the court cannot "re-litigate the underlying constitutional question" in *Stickney*, and joinder would undermine the Court and parties' obligations to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* 2018 WL 1858220, at *2; Fed. R. Civ. P. 1. Thus, Judge Baldwin did not clearly err, and Plaintiff's objection is overruled.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the

3

issues before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 271) to the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 270) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 258) is granted in part and denied in part, as described herein.

It is further ordered that Plaintiff's objection (ECF No. 269) to Judge Baldwin's order (ECF No. 268) denying his motions for joinder (ECF Nos. 260, 262) is overruled.

It is further ordered that, under LR 16-5, the Court finds that it is appropriate to refer this case to Judge Baldwin to conduct a settlement conference. If the parties do not settle, the Joint Pretrial Order is due within 30 days of the date the settlement conference is held.

DATED THIS 13th Day of February 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE